This is a suit in which the plaintiff seeks to recover the sum of $196.26 alleged to be the balance due on a contract entered into between himself and the defendant, who is a dentist, on February 28, 1940, covering the furnishing of certain plumbing material and the installation thereof in the latter's building on Willow Street in the Town of Franklin.
The contract is in the form of a letter written by the plaintiff to the defendant on February 26, 1940, in which he proposes to furnish and install the plumbing material and make all proper sewer and water connections and also to install a dental equipment with all water piping and sweat fittings, all for the sum of $679. The proposal as outlined in plaintiff's letter is accepted over the defendant's signature on the same letter, on February 28, 1940.
In his petition plaintiff alleges that there was certain additional work, not covered by the agreement, amounting to the sum of $9.91, which was also performed by him for the defendant at the time. He then avers that the defendant is entitled to a credit of $138.65 for material which was not used on the job and returned, and a further credit in the sum of $54 for professional and dental services rendered to his daughter. Still further credit in the amount of $300 is given for payment of that sum in cash, on account, leaving the balance of $196.26 unpaid, and for which he prays for judgment.
The defendant, through counsel, filed his answer to the petition, in which he admits the contract and also admits that extra work amounting to $9.91 was performed by the plaintiff. He also admits the credits alleged by the plaintiff, but denies that the $138.65 credit is the correct amount which he should be allowed for the return of the material therein referred to. He further admits that he paid the sum of $300, but denies that he is further indebted in any sum whatsoever.
He then sets out in rather a detailed manner the reason why he claims that he does not owe anything further to the plaintiff. He seems to imply that the proposal as outlined in the plaintiff's letter did not contain a complete detail of the agreement between them or of a supplementary agreement which described more particularly the size and type of equipment, pipe fittings and installations embraced in the contract between them. He claims that under the agreement, air piping to the dental equipment was to be furnished and installed but none has ever been furnished and installed in his dental laboratory; that under the agreement three-quarter inch copper pipes were to be installed in the building whereas only one-half inch pipes were furnished and installed; that under the agreement plaintiff was to furnish six sixteen by sixteen inch corner roll rim lavatories complete *Page 25 
with fittings for hot and cold water and waste, but that he failed to do so and installed cheaper and inferior lavatories; that plaintiff never installed a forty gallon hot water heater, three shelf back lavatories, one sink and one cabinet lavatory as he was to do under the contract; that plaintiff has never given him credit for labor and services which he failed to perform in installing most of the equipment and that because of plaintiff's refusal to properly itemize or list for him the items furnished or which he failed to furnish, by catalog number, as well as all labor charges, it has been impossible for him to fully determine the amount of credits that are due and the damage which he has sustained through plaintiff's breach of agreement. He then sets out the manner in which he claims he has been damaged, because of plaintiff's failure to properly do the work, in the sum of $1,300, and reserves the right to later sue plaintiff for the same.
On December 8, 1941, the case was assigned for trial for February 11, 1942. On February 6, 1942, five days before the date of assignment, defendant summarily discharged his attorney, as appears from a letter written by him on that date. The attorney of course withdrew and defendant then conducted his side of the case in person. He was given every courtesy by counsel representing the plaintiff and more than the usual consideration by the trial judge in submitting his proof. Nevertheless the court found it necessary, under the testimony, to render judgment against him in the amount prayed for by plaintiff and he has taken this appeal. He is still unrepresented by counsel and has made no appearance either in person or by brief in this court.
As far as the difference in the size of the piping which is complained of is concerned, we think that plaintiff has fully established, by competent proof, that the kind and size that is usually used in doing plumbing work of this kind was used on this job, and as far as the work itself is concerned, it seems to have been done in the usual and in a satisfactory manner. With regard to the return of the material that was not used, the statements of account and invoices introduced in evidence by plaintiff all indicate that defendant was allowed proper credit therefor. At any rate he was given credit for the amount he had been charged, so on what ground can he be heard to complain? Certainly he could not expect plaintiff to furnish and charge for material at the catalog price and then give him credit at the retail price for its return.
The most damaging testimony against the defendant, however, arises out of his own action following the completion of the work, when, on July 24, 1940, he wrote plaintiff a letter in which he admits an indebtedness of $137.60 and sends him three postdated checks in payment of that amount. These checks were not paid when they were presented at the bank on which they were drawn and have never since been paid. It strikes us that if he had good reason to do so, he would have complained about the condition of the work or of plaintiff's failure to have given him proper credit for the material returned, at that time.
There is only a question of fact involved in the case on which the trial judge concluded that the plaintiff had carried the burden of proof which the law placed on him. Under the well known rule, his findings should be sustained unless manifest error appears. Finding no such error, the judgment will be affirmed.
Judgment affirmed.